CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 03 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:15-CV-00033 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GUY HARBERT, et al., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Jerry A. Hurst, proceeding pro se and in forma pauperis, filed this action against Defendants Guy Harbert, Maxwell Wiegard, Marty Harbin, Colin Shalk, Nicholas Skiles, and State Farm Mutual Automobile Insurance Company (collectively, "the defendants"). Hurst alleges that the defendants disseminated his personal information in violation of state and federal law. For the following reasons, the court will dismiss Hurst's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Factual and Procedural Background

This action is the most recent in a series of lawsuits filed by Hurst in various federal district courts. See, e.g., Hurst v. State Farm Mut. Auto. Ins. Co., No. 10-1001, 2012 WL 426018, *1 (D. Del. Feb. 9, 2012) (collecting cases). Each of these lawsuits stems from litigation that Hurst initiated after State Farm denied his insurance claim following the 2001 theft of his customized van. See Hurst v. State Farm Mut. Auto. Ins., No. 7:05CV00776, 2008 WL 4394759 (W.D. Va. Sept. 26, 2008) (granting summary judgment for State Farm on Hurst's breach of contract claim).

In the instant complaint, Hurst alleges that he provided personal information, including his social security number, driver's license number, and date of birth, to Defendant State Farm

on an affidavit in 2001. See Compl. ¶ 7. State Farm then allegedly provided Hurst's personal information to its legal counsel, including Defendants Wiegard and Harbert. Id. Hurst alleges that Wiegard and/or Harbert in turn disclosed that information to Defendant Shalk, another attorney, and "through Shalk[,] to numerous other unauthorized recipients," including Defendant Skiles. Id. ¶ 9. Defendant Harbin, the "manager of Hurst's claim" at State Farm, allegedly "authorized" these disclosures. Id. Hurst alleges that one or more of the defendants disclosed his personal information in 2006, 2008, and 2011. See id. ¶¶ 4, 11. He also alleges that he first learned that his personal information had been disclosed to others by the defendants without his consent on November 28, 2008, when Wiegard sent him a letter stating that Harbert "had sent [his] personal information to Shalk." Id. ¶ 10.

Hurst alleges that the court has original jurisdiction over his claims under 28 U.S.C. § 1331, because he asserts two federal claims: (1) violation of the Driver's Privacy Protection Act of 1994 ("DPPA" or the "Act"), 18 U.S.C. § 2721-2725, and (2) violation of Hurst's constitutional right to privacy, pursuant to 42 U.S.C. § 1983. Hurst also alleges that the court has supplemental jurisdiction over his six state law claims, which include (1) breach of the implied covenant of good faith and fair dealing; (2) misappropriation of Hurst's name; (3) violation of the Virginia Personal Information Privacy Act ("VPIPA"), Va. Code § 59.1-442 et seq., and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 et seq.; (4) civil conspiracy; (5) intentional infliction of emotional distress; and (6) tortious interference with contract. See 28 U.S.C. § 1367(a). Hurst seeks over $2,000,000 in damages, as well as injunctive and declaratory relief.

Hurst filed his complaint in this court on May 6, 2015. That same day, Hurst filed a

"Motion to Amend Complaint filed in the Eastern District of Virginia" with the court. That motion appears to ask this court to consider the instant complaint to be an amendment of a complaint Hurst filed in the Eastern District of Virginia in 2013, which United States District Judge Gerald Bruce Lee dismissed under 28 U.S.C. § 1915. See Hurst v. Harbert, Docket No. 4, No. 1:13CV00558 (E.D. Va. Sept. 30, 2013). Hurst takes issue with Judge Lee's decision to dismiss that case and argues that the instant complaint should "relate back" to the filing of that complaint. See Docket No. 3.

The court granted Hurst's petition to proceed without prepayment of fees on May 8, 2015. The court now considers whether his complaint can withstand review under 28 U.S.C. § 1915(e)(2)(B).

### Applicable Law

A litigant may pursue an action in federal court in forma pauperis if he files an affidavit, in good faith, stating that he is unable to pay the costs of the lawsuit. See 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(e)(2)(B), however, a court can "at any time" dismiss an in forma pauperis complaint if the court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." Id. A complaint is frivolous if it lacks an arguable basis in law or in fact. Nietzke v. Williams, 490 U.S. 319, 324 (1989). A complaint fails to state a claim for relief if it lacks sufficient factual allegations "to raise a right to relief above the speculative level."[1] Bell Atl. Corp. v. Twombly, 550 U.S. 555, 570 (2007). A complaint must contain more than a "formulaic recitation of the elements of a cause of action… [or] naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[1] This standard applies to dismissals under 28 U.S.C. § 1915(e)(2)(B) as well as to those under Fed. R. Civ. P. 12(b)(6). Shadwell v. Clark, No. 5:09-CV-00061, 2009 WL 2596617, at *2 n.2 (W.D. Va. Aug. 20, 2009).

(internal citations omitted). A complaint may also be dismissed "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense," such as the statute of limitations. Brockton v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011) (internal citations omitted).

Allegations made by a plaintiff proceeding pro se must be "liberally construed, and… held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal citation omitted). Nevertheless, the court "cannot ignore a clear failure to allege facts positing a claim cognizable in a federal district court." Luther v. Wells Fargo Bank, 4:11-CV-00057, 2012 WL 4404318, at *3 (W.D. Va. Aug. 6, 2012) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990)). "The special judicial solitude with which a district court should view…pro se complaints does not transform the court into an advocate" on the pro se plaintiff's behalf. Weller, 901 F.2d at 391 (internal quotation omitted).

## Discussion

Even when construing Hurst's allegations liberally, the court is constrained to dismiss Hurst's complaint under 28 U.S.C. § 1915, because Hurst has failed to allege sufficient facts to support any federal cause of action.

Hurst has not stated a viable claim for relief under the DPPA, a federal statute which "establishes a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent." Maracich v. Spears, 133 S. Ct. 2191, 2198 (2013) (citing Reno v. Condon, 528 U.S. 141, 143 (2000)). Section 2721(a) of the DPPA provides that state DMVs "shall not knowingly disclose or otherwise make available" the personal information contained in state motor vehicle records, except in accordance with the Act. The DPPA creates a private cause of action against any "person who knowingly obtains, discloses, or uses personal

4

information, from a motor vehicle record, for a purpose not permitted under [the Act]." Maracich, 133 S. Ct. at 2199 (citing § 2724(a)) (emphasis added). Hurst's complaint fails to state a claim for relief under this section, because Hurst does not allege that the defendants obtained his personal information from his state motor vehicle record. Instead, Hurst specifically alleges that he provided his personal information to the defendants himself via an affidavit that he submitted to State Farm in 2001.

Hurst also appears to allege that the defendants violated § 2721(c) of the DPPA, which regulates the "resale or redisclosure" of personal information by "authorized recipient[s]." See 18 U.S.C. § 2721(c). Hurst alleges that State Farm became an "authorized recipient" when Hurst provided it with his personal information in 2001. See Compl. ¶ 16. The DPPA does not define the term "authorized recipient." When read in context, however, it is clear that § 2721(c) applies only to individuals who obtain information directly from a motor vehicle record, or who receive that information from another who did so. In short, the DPPA restricts the use and distribution of personal information only when that information is originally obtained from a DMV. See Reno, 528 U.S. at 144. The Act simply does not apply in situations where, as here, a person provides his own personal information to another individual who then distributes it to others. Because Hurst's complaint fails to state a claim for relief under the DPPA, the court will dismiss that claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Hurst also asserts a claim for the defendants' alleged violation of his "right to privacy" under the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. That federal statute allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey,

Ltd., 526 U.S. 687, 707 (1999) (emphasis added). It does not permit a private citizen to sue another private citizen for violation of his constitutional rights. See id. Because Hurst's complaint fails to state a claim for relief under § 1983, the court will dismiss that claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Hurst's remaining claims arise under state law. A district court can decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). Here, the court has dismissed each of Hurst's federal claims. The court declines to exercise supplemental jurisdiction over Hurst's state law claims, so it will dismiss those claims as well.[3]

## Conclusion

For the reasons stated, the court will dismiss Hurst's complaint pursuant to 28 U.S.C. § 1915. The court will also dismiss Hurst's "motion to amend [the] complaint filed in Eastern District of Virginia" as moot. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This __3rd__ day of June, 2015.

_____
Chief United States District Judge

---

[2] The court notes that Hurst has alleged that the defendants violated Fed. R. Civ. P. 5.2 by failing to redact his personal information in electronically filed court documents. "[R]ules governing procedure in the federal courts do not give rise to private causes of action," however, so this allegation does not support any federal claim for relief. Good v. Khosrowshahi, 296 F. App'x 676, 680 (10th Cir. 2008).

[3] The court notes that Hurst's allegations may be insufficient to support his state law claims, considering the elements of those claims and the statutes of limitations applicable to each. See, e.g., Christmas v. Arc of the Piedmont, Inc., No. 3:12CV00008, 2012 WL 2905584 (W.D. Va. July 16, 2012) (two-year limitations period for intentional infliction of emotional distress claims in Virginia); Corinthian Mortg. Corp. v. ChoicePoint Precision Marketing, LLC, No. 1:07CV832, 2008 WL 2776991 (E.D. Va. July 14, 2008) (three-year limitations period for breach of implied covenant of good faith and fair dealing claims in Virginia); Va. Code §§ 59.1-204.1, 59.1-444 (two-year limitations period for VCPA and VPIPA claims); see also Dunlap v. Cottman Transmission Sys., LLC, 754 S.E.2d 313, 321 (Va. 2014) (setting forth elements of a claim for tortious interference with contract). In this case, a state court would provide a more appropriate forum for resolution of such issues, however.

6